STATE OF CONNECTICUT *v.* KERRY MARSHALL
(AC 17058)

O'Connell, C. J., and Sullivan and Daly, Js.

Argued November 5, 1998—officially released January 12, 1998

*Mary Anne Royle,* special public defender, for the appellant (defendant).

*Eileen McCarthy Geel,* deputy assistant state's attorney, with whom, on the brief, was *Elizabeth Bodine,* deputy assistant state's attorney, for the appellee (state).

*Opinion*

SULLIVAN, J. The defendant, Kerry Marshall, appeals from the judgment of conviction, rendered after a jury trial, of burglary in the second degree in violation of General Statutes § 53a-102 and burglary in the third degree in violation of General Statutes § 53a-103. On appeal, the defendant claims that (1) he was denied due process and a fair trial when the prosecutor showed two witnesses a knife marked for identification in the presence of the jury, (2) the prosecutor's broad pattern of misconduct resulted in an unfair trial, (3) the trial court improperly denied his motion for acquittal because there was insufficient evidence to support the conviction of burglary in third degree, and (4) the defendant had inadequate notice that the first degree burglary charge had been changed to second degree burglary during trial, and the jury was misled by the court's failure to inform it clearly of that change.

A jury reasonably could have found the following facts. On January 14, 1995, Jose Jimenez and Juan Ingles were in the bedroom of their apartment when they heard a noise in the living room. Ingles found the defendant in the living room, attempting to disconnect a video game machine from the television set. The defendant identified himself as a security guard, but, when Ingles appeared unconvinced, the defendant pointed a knife at him. The defendant said that he just wanted to leave

and, showing Ingles a gun, told him not to do anything "stupid." Ingles opened the door, and the defendant left. The New Haven police later found the defendant's fingerprints on the air conditioner duct through which the defendant had gained access to the apartment. The next day Ingles found a knife in the apartment, which he brought to the police.

On April 6, 1995, at approximately 4:30 p.m., Elizabeth Melendez returned home after work to find that her apartment had been entered through the air conditioner duct and that her television set had been stolen. The police later recovered the television set at a pawn shop in New Haven. Jennifer Sachs, the shop's owner, purchased the television on April 6, 1995, at 5:25 p.m., from the defendant for $50 after the defendant had given proof of his identity and after Sachs had recorded his identity and description pursuant to store policy.

New Haven police arrested the defendant for the burglaries.[1] The defendant was convicted, and this appeal followed.

## I

The defendant first claims that he was denied due process and a fair trial when the prosecutor showed a knife marked for identification as state's exhibit E to two witnesses in the presence of the jury. We disagree.

At trial, the state showed state's exhibit E for identification to Jimenez and to Officer Robert Mencucci of the New Haven police department, to whom Ingles had given the knife. Neither witness could connect the knife to either the defendant or the crime. Ingles, whom the defendant menaced with a knife during the burglary, was not examined concerning the knife. The defendant made no objection at trial.

---

[1] The defendant was arrested and charged with a third burglary but was acquitted at trial.

Although the defendant did not properly preserve his claim, he argues that the claim is reviewable under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). Insofar as his claim falls short of the constitutional standards of *Golding*, the defendant asserts review under the plain error standard of Practice Book § 60-5.[2] We reject both assertions and conclude that the claim is not reviewable under *Golding* or as plain error.

Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." *State* v. *Golding*, supra, 213 Conn. 239–40. We conclude that the defendant cannot prevail because he has failed to meet the third prong of *Golding*.

The display of physical evidence, even weapons, that was not admitted by the court does not automatically prejudice a jury. See *McKinnon* v. *Carr*, 103 F.3d 934, 936 (10th Cir. 1996) (prosecutor's displaying handcuffs not in evidence in sexual bondage and rape case did not so prejudice jury as to warrant reversal); *State* v. *Jones*, 44 Conn. App. 338, 350, 689 A.2d 517, cert. denied, 240 Conn. 929, 693 A.2d 301 (1997) (prosecutor's displaying handgun not in evidence did not so prejudice jury as to warrant reversal); *State* v. *Davis*, 336 So. 2d

[2] Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

805, 810 (La. 1976) (prosecutor's showing shotgun and pistol not in evidence to witness did not prejudice jury); *State* v. *Paschall*, 197 Wash. 582, 591–92, 85 P.2d 1046 (1939) (prosecutor's showing "knuckle shot pad" to witness did not prejudice jury).

The defendant has not established that the state's conduct so prejudiced him as to violate his due process rights and to result in an unfair trial. The extent of the state's display of the knife and its examination of Jimenez and Mencucci on that exhibit was limited both in scope and duration. The prosecutor did not mention the knife further in either its case-in-chief or in its closing argument. The trial court's charge, while not specifically mentioning the knife, instructed the jury to reach its verdict solely on the basis of the evidence admitted at trial. When the jury later raised a question about the knife, the trial court stated that the knife was not in evidence. We are not persuaded that any of the defendant's constitutional rights were violated in this case.

Plain error review "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley*, 198 Conn. 77, 87–88, 502 A.2d 388 (1985). We do not believe that such a situation exists here and therefore decline to invoke that measure.

## II

The defendant claims that the prosecutor engaged in a broad pattern of misconduct that violated the defendant's right to a fair trial. Specifically, the defendant alleges that, in addition to displaying the knife before the jury, the prosecutor mischaracterized the evidence in her closing argument. We disagree.

"[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, and not the culpability of the prosecutor. . . .

The issue is whether the prosecutor's conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. . . . We must, therefore, determine whether the [actions] of the prosecutor, in light of all the circumstances, including the trial court's charge, were so egregious and so damaging to the defendant that they deprived him of a fair trial. . . . *State* v. *Sivri*, 46 Conn. App. 578, 590–91, 700 A.2d 96, cert. denied, 243 Conn. 938, 702 A.2d 644 (1997)." (Internal quotation marks omitted.) *State* v. *Aponte*, 50 Conn. App. 114, 125–26, 718 A.2d 36, cert. granted, 247 Conn. 926, 719 A.2d 1169 (1998).

"Review of unpreserved claims of prosecutorial misconduct has been reserved for instances where the claimed misconduct was part of a pattern of misconduct repeated throughout the trial or was blatantly egregious. *State* v. *Williams*, 204 Conn. 523, 537, 529 A.2d 653 (1987); *State* v. *Reddick*, 15 Conn. App. 342, 354–55, 545 A.2d 1109, cert. denied, 209 Conn. 819, 551 A.2d 758 (1988)." *State* v. *Horne*, 19 Conn. App. 111, 128, 562 A.2d 43 (1989), rev'd on other grounds, 215 Conn. 538, 577 A.2d 694 (1990).

"In determining whether prosecutorial misconduct was so serious as to amount to a denial of due process, this court, in conformity with courts in other jurisdictions, has focused on several factors. Among them are the extent to which the misconduct was invited by defense conduct or argument; *State* v. *Fullwood*, [194 Conn. 573, 585, 484 A.2d 435 (1984)]; *State* v. *Falcone*, 191 Conn. 12, 23, 463 A.2d 558 (1983); the severity of the misconduct; see *United States* v. *Modica*, 663 F.2d 1173, 1181 (2d Cir. 1981) [cert. denied, 456 U.S. 989, 102 S. Ct. 2269, 73 L. Ed. 2d 1284 (1982)]; the frequency of the misconduct; *State* v. *Couture*, [194 Conn. 530, 562–63, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985)]; see *State* v. *Doehrer*, [200 Conn. 642, 654, 513 A.2d 58 (1986)]; *State* v. *Palmer*, [196 Conn. 157, 164, 491 A.2d 1075 (1985)];

the centrality of the misconduct to the critical issues in the case; *Hawthorne* v. *United States*, 476 A.2d 164, 172 (D.C. App. 1984); the strength of the curative measures adopted; *United States* v. *Modica*, supra [1181]; *Harris* v. *United States*, 402 F.2d 656, 657 n.1 (D.C. Cir. 1968); *State* v. *Doehrer*, supra [654]; and the strength of the state's case. See *United States* v. *Modica*, supra [1181]; *State* v. *Couture*, supra, 564; *State* v. *Glenn*, [194 Conn. 483, 492, 481 A.2d 741 (1984)]. *State* v. *Sherman*, 38 Conn. App. 371, 377, 662 A.2d 767, cert. denied, 235 Conn. 905, 665 A.2d 905 (1995)." (Internal quotation marks omitted.) *State* v. *Aponte*, supra, 50 Conn. App. 126.

The only circumstance cited by the defendant that even approaches misconduct is the showing of the knife to Jimenez and Mencucci in the presence of the jury. We have concluded that that action neither prejudiced the defendant nor was so egregious as to require reversal in and of itself. We are unconvinced that this action was part of a broader pattern of misconduct. Our reading of the state's closing argument finds no support for the suggestion that the prosecutor improperly mischaracterized the evidence.

Our examination of the record reveals neither a pattern of prosecutorial misconduct nor the kind of blatantly egregious conduct that would deprive the defendant of a fair trial. We conclude that the claim is without merit.

### III

The defendant next claims that the there was insufficient evidence to find beyond a reasonable doubt that he committed the Melendez burglary. We disagree.

"The review of a claim of insufficient evidence involves a two part analysis. In making the assessment, the court must first construe the evidence in the light most favorable to sustaining the verdict. . . . *State* v.

*Roy*, 38 Conn. App. 481, 488, 662 A.2d 799 (1995), cert. denied, 237 Conn. 902, 674 A.2d 1333 (1996). Second, the court must determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . In this process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . Id." (Internal quotation marks omitted.) *State* v. *Otto*, 50 Conn. App. 1, 16–17, 717 A.2d 775, cert. denied, 247 Conn. 927, 719 A.2d 1171 (1998).

The jury reasonably could have found that the modus operandi of the Melendez burglary conformed to the modus operandi of the Jimenez burglary in terms of the unusual method of entry and the types of items stolen. The evidence also showed that the defendant had taken Melendez' television set to a New Haven pawn shop, presented identification, had his description recorded by the owner, and received money in exchange for the television. Construing the evidence in the light most favorable to sustaining the verdict, we are satisfied that the jury could reasonably have concluded that the defendant burglarized Melendez' apartment.

IV

Finally, the defendant claims that he had inadequate notice that the burglary charge stemming from the Jimenez burglary had been changed from first to second degree during the trial and that the jury had been misled by the court's failure to inform it clearly of that change. We disagree.

The defendant requests review of this unpreserved claim under *Golding* or, alternatively, under the plain error standard. We conclude that the defendant has not

met the third prong of *Golding* because he has failed to show the clear existence of a constitutional violation.

The mere allegation of a constitutional violation is not enough to merit reversal under *Golding*. Labeling a claim constitutional does not make it so. *State* v. *Jones*, 46 Conn. App. 640, 646, 700 A.2d 710, cert. denied, 243 Conn. 941, 704 A.2d 797 (1997). The defendant here asserts that his right to be notified of the charges against him was violated when the first degree burglary charge was amended to second degree burglary. The defendant does not factually substantiate this allegation. On the contrary, the facts seem to contradict this claim.

Moreover, we are unpersuaded that the trial court misled the jury in this matter. At the close of the evidence, the trial court clearly informed the jury that the number of charges against the defendant had been reduced. The court then properly instructed the jury on the elements of each charge, including the second degree burglary at issue here.

The defendant similarly fails to meet the plain error standard, which we invoke in only the rarest of instances.

The judgment is affirmed.

In this opinion the other judges concurred.